| | |
|---|---|
| **Full Name**<br>    Raul Badillo-Rangel | **FILED**<br><br>JUN 6   2008<br><br>CLERK, U.S. DISTRICT COURT<br>WESTERN DISTRICT OF TEXAS<br>BY _____<br>         DEPUTY CLERK |
| **Committed Name (if different)**<br>    Raul Badillo-Rangel | |
| **Full Address Including Name of Institution**<br>Beaumony,U.S. Penitentiary<br>P.O. Box 26030 | |
| Beaumont, Texas 77720-6030 | **A08CA 452SS** |
| **Prison Number (if applicable)** 39518-180 | |

# UNITED STATES DISTRICT COURT

| | |
|---|---|
| RAUL BADILLO-RANGEL,ROBERTO URBINA-<br>LOPEZ,MARIA MAGDALENA LOPEZ-TORRES,<br>EDNA FABIOLA URIBE-HERRADA,MIRIAM<br>LIZETH URIBE-HERRADA, et. al.,<br><br>                     Plaintiff,<br>VS.<br>FEDERAL BUREAU OF INVESTIGATION,UNITED<br>STATES IMMIGRATION & NATURALIZATION,<br>UNITED STATES DEPARTMENT OF JUSTICE,<br>TRAVIS COUNTY SHERIFF'S DEPARTMENT,<br>WILLIAMSON COUNTY SHERIIF'S DEPARTMENT,<br>TEXAS DEPARTMENT OF PUBLIC SAFETY,<br>STEPHAN MARSHALL,GEORGE SALINAS,ROBERT<br>G. NEUENDORFF,JOE MATLOCK,DAVID CROOK,<br>et. al.,<br>                    Defendants(s). | Case No. CV _____<br>         (To be supplied by the Clerk)<br><br>**CIVIL RIGHTS COMPLAINT<br>PURSUANT TO  (check one)**<br><br>☐ 42 U.S.C. § 1983.<br><br>            or<br><br>☒ Bivens v. Six Unknown Agents<br>   403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1)  Have you brought any other lawsuits in a federal court while a prisoner:     ☐ Yes     ☒ No

2)  If your answer to A is yes, how many? _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. **Parties to this previous lawsuit:**

   Plaintiff _____

   _____

   Defendants _____

   _____

b. **Court** _____

   _____

c. **Docket or case number** _____

d. **Name of judge to whom case was assigned** _____

e. **Disposition (For example: Was the case dismissed?  If so, what was the basis for dismissal? Was it appealed?  Is it still pending?)**

   _____

f. **Issues raised:** _____

   _____

   _____

g. **Approximate date of filing lawsuit** _____

h. **Approximate date of disposition** _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1) Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?

   ☒ Yes    ☐ No

2) Have you filed a grievance concerning the facts relating to your current complaint?

   ☐ Yes  ☒ No

   If your answer is no, explain why not  I do not write or read English

   _____

3) Is the grievance procedure completed?

   ☐ Yes  ☒ No

CV 66 (11/96)                                     Civil Rights Form

If your answer is no, explain why not _because I do not write or read English_
_and have been transferred a personero on my behalf has filed the complaint_

4) Please attach copies of papers related to the grievance procedure.

# C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Raul Badillo-Rangel, et. al.,_

(print plaintiff's name)

who presently resides at _P.O. Box 26030,Beaumont,Texas 77720-6030_ , were violated

(mailing address or place of confinement)

by the actions of the defendant(s) named below, which actions were directed against plaintiff at _Travis,_

_County, Texas at the County Jail_

(institution/city where violation occurred)

on (date or dates) _05/01/03 to 02/01/04  on all counts_ , _____.

| (Claim I) | (Claim II) | (Claim III) |
|---|---|---|

(You need not name more than <u>one</u> defendant or allege more than one claim; however, make a copy of this page to provide the information below if you are naming <u>more</u> than five (5) defendants.)

1) Defendant _Federal Bureau of Investigation-Stephan Marshall_ resides or works at

(full name of first defendant)

_1700 Paredes Line Road,Austin,Texas 78759-6539_ , and is employed as

(full address of first defendant)

_Special Agent, FBI_ .

(defendant's position and title, if any)

The defendant is sued in his/her:   ☒ individual   ☒ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law: _Defendant arrested plain-_
_tiffs and was part of multi-agency auto theft task force and was act-_
_ing pursuant to information of the DPS and Travis County Sheriff's_
_Department when defendants violated plaintiffs treaty rights and_
_human and civil rights at all times for the Complaint ._

2) Defendant _U.S. IMMIGRATION & NATIRALIZATON-GEORGE SALINAS_ resides or works at

(full name of second defendant)

Page 3 of 6

3600 Presidential Blvd., Suite 111 Austin,TX.78719 _____, and is employed as
(full address of second defendant)

an Investigator for U.S. Border Patrol/U.S. Customs
(defendant's position and title, if any)

The defendant is sued in his/her:  ☒ individual  ☒ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law: Defendant was a part of multi-agency auto task force and arrested plaintiffs for alleged immigration violations and violated treaty, human and civil rights .

3) Defendant Texas Department of Public Safety-R. G. Neuendorff resides or works at
(full name of third defendant)

5805 N. Lamar Blvd., P.O. 4087 Austin,TX.78773-0001 _____, and is employed as
(full address of third defendant)

Special Crimes Sergeant and Multi-Agency Auto Theft Task Force
(defendant's position and title, if any)

The defendant is sued in his/her:  ☒ individual  ☒ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law: Defendant with Joe Matlock and David Crook arrested plaintiffs while being a part of a multi-agency auto task force in violation of treaty and violated human rights and civil rights of the plaintiffs under the authority of the Attorney General and U.S. Attorney executed a warrant .

4) Defendant Chris Rowland-Travis County Sheriff's Department resides or works at
(full name of fourth defendant)

Travis County Sheriff, P.O. Box 1748 Austin,TX. 78767 _____, and is employed as
(full address of fourth defendant)

Travis County Sheriff's Deputy-Detective
(defendant's position and title, if any)

The defendant is sued in his/her:  ☒ individual  ☒ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law: Defendant arrested plaintiffs while assigned to a Multi-Agency Auto Theft Task Force under the authority of Travis County District Attorney's Office .

5) Defendant <u>Gerald C. Carruth and Johnny Sutton</u> resides or works at
(full name of fifth defendant)

<u>U.S. Attorney's Office 816 Congress Av. Suit 100 Austin, TX</u>; and is employed as
(full address of fifth defendant)

<u>Assist. U.S. District Attorney and U.S Attorney Western District of Texas</u>
(defendant's position and title, if any)

The defendant is sued in his/her:   ☒ individual   ☒ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law: Defendants commanded,
counseled, procured and assisted other defendants and authorized
arrest, detention, trial and sentence in contravention with a treaty
and customary international law of human rights at all times herein .
The defendants acted under the authority invested to them by the
U.S Attorney General for the purposes of the Complaint .

## E. CLAIMS*

## CLAIM I

The following civil right has been violated: Due Process and equal protection rights
were violated and Article 36 of the Vienna Convention on Counselar Rights
were violated as well as Title 28 C.F.R. 50.5

Supporting Facts:  [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right].

On or about May 22, 2003, Special Crimes Sergeants R.G. Neuendorff; with
asistance of Joe Matlock and David Crook arrested Plaintiffs on warrant
and failed to inform plaintiffs that they had the right to contac the
Mexican Consulate . (Please see the attached Complaint)

* If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

66 (11/96)

CLAIM II. In 2003 to 2004 Plaintiff under the authority of the U.S. Attorney Johnny Sutton and Gerald C. Garruth failed to notify the Mexican Consulare of the plaintiffs arrest and trial, sentence and the U.S. Attorney General failed to enforce treaty obligations as codified in Title 28 C.F.R. 50.5 and furthermore subjected plaintiffs to trial and sentence to conclude, is incompatible with the observance of international standards, norms of a fair trial and in full equality, adequate facilities to prepare their defense is of such gravity as to confer on the deprivation of liberty of an arbitrary character in violation of customary international law. (Please see Complaint for more details).

## F. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

Declaratory relief; Injunctive relief: Damages:Arbitrary Detention: Raul Badillo-Rangel on his own behalf seeks compensatory damages in excess of $1,000,00 and punitive damages of at least $1,000,000 . Badillo-Rangel on behalf of all plaintiffs demand a jury trial .

_____
(Signature of Plaintiff)

_____
(Date)

Page 6 of 6

Raul Badillo-Rangel
Federal Regulation I.D.# 39518-180
Beaumont, U.S. Penitentiary
P.O. Box 26030
Beaumont, Texas 77720-6030
In **forma Propria Persona** representation

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAUL BADILLO-RANGEL#39518-180, ROBERTO URBINA-LOPEZ#39608-180, MARIA MAGDALENA LOPEZ-TORRES#49006-180, EDNA FABIOLA URIBE-HERRADA, MIRIAM LIZETH URIBE-HERRADA, ALIEN REGISTRATION #MEXICO-09548318, et.al.) | **A08CA 452ss** <br> CASE NO. _____ <br><br> COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY RELIEF <br><br> DEMAND FOR JURY TRIAL |
| Plaintiffs, | |
| - vs.- | |
| FEDERAL BUREAU OF INVESTIGATION, UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, UNITED STATES DEPARTMENT OF JUSTICE AND TRAVIS COUNTY SHERIFF'S DEPARTMENT, WILLIAMSON COUNTY SHERIFF'S DEPARTMENT, TEXAS DEPARTMENT OF PUBLIC SAFETY, STEPHAN MARSHALL, GEORGE SALINAS, ROBERT G. NEUENDORFF, JOE MATLOCK AND DAVID CROOK,JESSE DELEON, MIGUEL CAMPOS, CHRIS ROWLAND, MIKE TUREK, GERALD C. GARRUTH, JOHNY SUTTON AND ESTATE OF ALBERTO GONZALES, AND MICHAEL MUKASEY, AND DOES I-XXX, et. al., | |
| DEFENDANTS . | |

PLAINTIFFS RAUL BADILLO-RANGEL#39518-180, ROBERTO URBINA-LOPEZ#39608-180, MARIA MAGDALENA LOPES-TORRES#49006-180, EDNA FABIOLA URIBE-HERRADA, MIRIAM LEZETH, ALIEN REGISTRATION #MEXICO-0954318 complain against the DEFENDANTS FEDERAL BUREAU OF INVESTIGATION, UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, UNITED STATES DEPARTMENT OF JUSTICE, TRAVIS COUNTY SHERIFF'S DEPARTMENT, WILLIAMSON SHERIFF'S DEPARTMENT, TEXAS DEPARTMENT OF PUBLIC SAFETY, STEPHAN MARSHALL, GEORGE SALINAS, ROBERT G. NEUENDORFF, JOE MATLOCK, DAVID CROOK, JESSIE DELEON, MIGUEL CAMPOS, CHRIS ROWLAND, MIKE TUREK, GERALD C. CARRUTH,

(Complaint for damages,injuntive relief and declaratory relief)

JOHNNY SUTTON, ESTATE OF ALBERTO GONZALES, MICHAEL MUKASEY, and DOES I-XXX .

## JURISDICTION

This Court has juridiction pursuant to 28 USC 1331 (federal question involving interpretation of federal statute and treaty of the United States), 28 USC 1343 (deprivation of civil rights), 28 USC 1350 (for tort committed in violation of the law of nations and United States treaty), and 28 USC 1361 (mandumus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiffs) .

## INTRADISTRICT ASSIGNMENT

This matter is properly assigned to the Western District of Texas, Austin Division, because this is a civil action that arose predominantly in the County of Travis .

## SUPPLEMENTAL JURISDICTION

Supplemental jurisdiction is sought in this matter pursuant to 28 USC 1367 . Under supplemental juridiction, it is not always necessary that original jurisdiction be found to lie separately for each individual plaintiff or with respect to each of several and distinct claims asserted by plaintiff, and jurisdiction over pendent parties applies whether parties with respect to whom supplemental jurisdiction is sought are defendants or plaintiffs .

## PARTIES

1.   PLAINTIFFS RAUL BADILLO-RANGEL#39518-180, ALIEN REGISTRATION #MEXICO-091912994,   ROBERTO URBINA-LOPEZ#39608-180, MARIA MAGDALENA LOPEZ-TORRES#49006-180 ALIEN REGISTRATION # MEXICO-091912997, EDNA FABIOLA URIBE-HERRADA, MIRIAM LIZETH URIBE-HERRADA ALIEN REGISTRATION # MEXICO-09548318 are citizens of the United Mexican States(Estados

(Complaint for damages,injunctive relief and declaratory relief)

Unidos Mexicanos), and resided in the State of Texas . **PLAINTIFFS**
**RAUL BADILLO-RANGEL, ROBERTO URBINA-LOPEZ, MARIA MAGDALENA LOPEZ-**
**TORRES** are under the authority of the United States Attorney General
and encarcerated at the high-security unit of the Federal Correctional
Complex, Beaumont, Texas . **MARIA MAGDALENA LOPEZ-TORRES** is presently
under the authority of the United States Attorney General in the cus-
tody of the Bureau of Prisons at the Federal Correctional Institution,
Tallahasee, 501 Capitol Circle NE. Tallahasee, Florida 32301 .

2. **PLAINTIFFS EDNA FABIOLA URIBE-HERRADA** and **MIRIAM LIZETH URIBE-**
**HERRADA**, presently reside at Brisas 109 Colonia, Las Palmas, Piedras
Negras, Coahuila, Mexico 26070 . All plaintiffs' herein action complain
that the named defendants at all relevant times mentioned violated th-
eir rights under the **Vienna Convention on Consular Relations, Art.36**
**("VCCR"), Apr.** 24,1963,21 U.S.T. 77, T.I.A.S. No.6820,596 U.N.T.S. 261,
by not allowing them to contact the consulate of Mexico upon their arr-
est . The United States and Mexico have signed the VCCR, which grants
foreign nationals like plaintiffs' the right to contact their consul
immediately upon detention .

3.   **DEFENDANTS FEDERAL BUREAU OF INVESTIGATION** and **UNITED STATES**
**IMMIGRATION AND NATURALIZATION SERVICE** and **UNITED STATES DEPARTMENT OF**
**JUSTICE** are federal agencies . In 1967 the heads of these agencies en-
tered into a revealed agreement, giving rise to policy and establishing
a uniform procedure for consular notification where nationals of for-
eign countries are arrested by officers of DOJ on charges of criminal
violations . It conforms to practice under international law and in
particular implements obligations undertaken by the United States
pursuant to treaties with respect to the arrest and detention of for-
eign nationals . The primary responsibility for enforcement of this

- 3 -

(Complaint for damages,injunctive relief and declaratory relief)

statement of 28 CFR Section 50.5 and 8 CFR 2361(e)(DHS), rests dir-

ectly with the head of each agency, in order to assure cordination of

section 50.5 and 2361(e)(DHS) enforcement and consistency among agen-

cies .

4.   DEFENDANT STEPHEN MARSHALL was at all times relevant herein

special agent of the defendant FBI . On May 22,2003, Agent Stephen

Marshall of the FBI at the Texas Department of Public Safety District

Office interview Badillo-Rangel and Urbina-Lopez, at the time Agent

Marshall explained to Badillo-Rangel the charge that had been levied

against him and Agent Marshall knew that Badilla-Rangel and Lopez-

Urbina were Mexican nationals because the information was provided to

Agent Marshall, by reports prepared by Segeant Investigator Robert G.

Neuendorff of the Special Crimes Service of the Texas Department of

Public Safety("DPS") and by Deputy Sheriff Chris Rowland of the Trav-

is County Sheriff's Office, while assigned to a muti-agency auto th-

eft task force . Agent Marshall mirandized Badillo-Rangel but he did

not inform Badillo-Rangel that he had the right under the VCCR to

contact the Mexican consulate . This defendant is being sued in his

individual and official capacity .

5.   DEFENDANT GEORGE SALINAS was at all times relevant herein a

investigator of the defendant INS/DHS . Once Badillo-Rangel and Urbina-

Lopez were arrested Sergeant Neuendorff and Detective Rowland with the

assistance of Investigator George Salinas of the Immigration Service

contacted tenants of room 145 at the Hearhside Extended Stay Studios .

The tenants of room 145 at the Hearthside Extended Stay Studios were

then identified as Maria Magdalena Lopez-Torres and Miriam Lizeth

Uribe-Herrada . Investigator George Salinas arrested both Lopez-

Torres and Uribe-Herrada for possible immigration violations . Law

- 4 -

**(Complaint for damages,injunctive relief and declaratory relief)**

enforcement named--herein and others unknown to the plaintiffs' re-
ported that Lopez-Torres had a prior record through Williamson County,
Texas for tampering with a govermental record . Agent Salinas did not
advise Lopez-Torres and Uribe-Herrada that they had the right under
the VCCR to contact the Mexican consulate, and Agent Salinas knew
that Lopez-Torres and Uribe-Herrada were Mexican nationals . This
Defendant is sued in his individual and official capacity .

6.  DEFENDANTS ROBERT G. NEUENDORFF, JOE MATLOCK were at all times
herein mentioned Special Crime Sergeants of the defendant DPS and
were assigned to assist the Travis County Auto Theft Task Force De-
puty Chris Rowland and with the assistance of Special Crimes Sergeant
David Crook, on May 22,2003, arrested Badillo-Rangel and R. Urbina-
Lopez for engaging in organized criminal activity on a warrant(warrant
#5-03-0210) issued by Detective Chris Rowland of the Travis County
Sheriff's Office . Defendants Special Crime Sergeants Robert G. Neuen-
dorff, Joe Matlock and David Crook did not inform Badillo-Rangel and
R. Urbina-Lopez that they had the right under the VCCR to contact the
Mexican consulate, defendants reports and other investigators who's
names are unknown to the plaintiffs' also arrested in Austin, Texas
Maria Magdalena Lopez-Torres and Miriam Lizeth Uribe-Herrada . These
Defendants are being sued in their individual and official capacities .

7.  DEFENDANTS JESSE DELEON and MIGUEL CAMPOS were at all times
herein mentioned Highway Patrolmen/Troopers of the defendant Texas
Department of Public Safety . On May 22,2003, while assisting Serg-
geants Matlock and Crook Trooper Jesse DeLeon stopped and arrested
Badillo-Rangel and R. Urbina-Lopez on IH 35 at MP#238 . Badillo-Rangel
was arrested for engaging in organized criminal activity-Aggravated
robbery a 1st degree felony under warrant#5-03-0210 . R. Urbina-

(Complaint for damages,injunctive relief and declaratory relief)

Lopez was also detained on IH 35 at MP#238 with Badillo-Rangel
pending identification and was later charged and arrested for engag-
ing in organized criminal activity under warrant#2-03-1940 and agg-
ravated robbery under warrant #2-03-1941 . On May 22,2003, R. Urbina-
Lopez was mirandized in Spanish by **DEFENDANT MIGUEL CAMPOS** but knew
however, that R. Urbina-Lopez was a Mexican national and he did not
inform R. Urbina-Lopez that he had the right under the **VCCR** to con-
tact the Mexican consulate . **DEFENDANTS JESSE DELEON** and **MIGUEL
CAMPOS** are being sued in their individual and official capacities .

8.    **DEFENDANT CHRIS ROWLAND** on May 22,2003, was assigned to the
Travis County Auto-Theft Task Force . Deputy Rowland obtained a
warrant for the arrest of Badillo-Rangel for engaging in crimimal
acitivity, and on said date Badillo-Rangel was arrested by DPS off-
icers . All of the information upon the underlying criminal case
against the plaintiffs' was provided to Special Agent Stephan Mar-
shall,FBI, by Sergeant Investigator Robert G. Neuendorff of the
Special Crimes Sevice of the Texas Depatment of Public Safety(DPS)
and by Deputy Sheriff Chris Rowland of the Travis County Sheriff's
Office, and said Deputy Sheriff Chris Rowland knew that the named
plaintiffs' were Mexican nationals, and at all times all the named
defendants were assigned to a multi-agency auto theft task force .
**DEFENDANT CHRIS ROWLAND**, however, knew that the plaintiffs were
foreign nationals but failed to advise them that they had the right
under the **VCCR** to contact the Mexican consulate . **DEFENDANT CHRIS
ROWLAND** is being sued in his individual and official capacity .

9.    **DEFENDANT MIKE TURECK**, Investigator for the Defendant Williamson
County Sheriff's Department, Georgetown,Texas . **DEFENDANT MIKE TURECK**
and other Unknown Williamson County Deputies previously had arrested

(Complaint for damages,injunctive relief and declaratory relief)

Plaintiff Maria Magdalena Lopez-Torres and at the time of the arrest failed to provide consular notification, and knew that said plaintiff was a Mexican national at the time of the previous arrest and at the time that of her arrest on May 22,2003 at the time that Lopez-Torres was found to have had a prior arrest record through Williamson County,Texas for tampering with a govermental record . **DEFENDANT MIKE TURECK** and **DOES I-XXX** knew however, that the plaintiff was a Mexican national but did not inform her that she had the right under the **VCCR** to contact the Mexican consulate and moreover, failed to inform the multi-agency auto theft task force that she was a Mexican national . This defendant is sued in his individual and official capacity .

10.  **DEFENDANTS GERALD C. GARRUTH** and **JOHNY SUTTON** is and was at all relevant times herein respectfully a United States Assistant District Attorney and United States Attorney . **DEFENDANT GERALD C. GARRUTH, ASSISTANT U.S. ATTORNEY** was employed at the United States Attorney's Office 816 Congress Avenue, Suite 100 Austin, Texas 78701. **DEFENDANT JOHNY SUTTON** was employed as a U.S. Attorney by the defendant DOJ in the Western District of Texas, United States Attorney's Main Offices are located at 601 NW Loop 410, Suite 600 San Antonio,Texas 78216 . On or about June,2003 Johnny Sutton, Gerald C. Garruth and John Phiniz State Bar No. 15959500 knew that the offense charged against Badillo-Rangel and other plaintiffs herein, that the named criminal defendants were not a citizen of the United States and/or lawfully admitted for permant residence requiring an intial 10 day detention under the provisions of **18 USC 3142(d)** at the time that the United States requested pretrial detention pursuant to its United States motion for detention filed with the U.S. Court

- 7 -

(Complaint for damages,injunctive relief and declaratory relief)

arrested and detained Maria Magdalena Lopez-Torres and did not in-
form her that at the time of her arrest she had the right under the
VCCR  to contact the Mexican consulate .DEFENDANT MIKE TURECK and
other Unknown Williamson County Sheriff Deputy's are sue in their
individual and official capacities .

DEFENDANT GERALD C. CARRUTH and JOHNNY SUTTON is and was at all re-
levant times herein an employee of the Defendant DOJ . DEFENDANT
GERALD C. CARRUTH is employed as U.S. Asistant District Attorney
for Anthony Brown, Chief United States Attorney's Office 816 Cong-
ress Avenue, Suit 100 Austin, Texas 78701 and DEFENDANT JOHNNY SUTTON,
is employed as a United States District Attorney for the Western
District of Texas, United States District Attorney's Office 601 NW
Loop 410, Suite 600 San Antonio, Texas 78216 . In June of 2003 the
Defendants Gerald C. Carruth and Johnny Sutton represented the iter-
ist of the United States and moved the United States District Court
to hear the United States' motion for detention . The United States
through her Attorney requested in Criminal No. A-03-191-M under
Title 18, United States Code Section 3141, et seg., that the then
named defendant Raul Badillo-Rangel be held in pretrial detention,
and that said motion for detention was grounded upon the fact that;
"an offense committed by the above named defendant who is not a citizen
of the United States or lawfully admitted for permanent residence
requiring an intial 10 days detention under the provisions of 18 USC
Section 3142(d)", would show that the undersigned names appearing
on said motion for detention is that of Johnny Sutton and Gerald C.
Carruth and that of John Phiniz which was filed with the U.S. Clerk
on May 23,2003 . For the purposes of the Complaint these defendants had
knowledge and belief that on or about December 8,2003 in Travis

- 8 -

(Complaint for damages,injunctive relief and declaratory relief)

County, in the Western District of Texas,defendants herein

procured, counseled, aided, abetted and assisted the other defendants,

to deprive Raul Badillo-Rangel and the others named as plaintiff's

of their rights under the VCCR contact the Mexican consulate, and

for the purpose of disallowing these foreign nationals to secure

witnesses and evidence to defend themself and assist in their own

defense at the time that they were arrested,detained, tried and

subsequently sentenced to prison terms as more fully appears . The

Complaint regards deprivation of the plaintiffs' liberty as arbitrary

in the underlying criminal case upon complete or partial non-observance

of the relevant international standards set forth in the **Universal**

**Declaration of Human Rights** and in the relevant international instr-

uments accepted by the States concerned relating to the right of a

fair trial is of such gravity as to confer on the deprivation of

liberty, of these plaintiffs, who are foreign nationals arrested

by officials,agents of the DOJ, of an arbitrary character. **DEFENDANTS**

**GERALD C. CARRUTH** and **JOHNNY SUTTON** represent the interist of the

estate of the Attorney General at all times mentioned herein, giving

rise to a policy and an established procedure for consular noti-

fication where nationals of oforeign countries are arrested by offic-

ers of the--Department of Justice on charges of criminal violations,

in specific, that the U.S. Attorney shall then notify the appropriate

consul except where he has been informed that the foreign national

does not desire such notification be made . **DEFENDANT GERALD C. CARRUTH**

and **JOHNNY SUTTON** are being sued in their individual and official cap-

acities .

11.    **DEFENDANT MICHAEL MUKASEY** is the successive United States Att-

orney General following Alberto Gonzales . This defendant is being

- 9 -

(Complaint for damages,injunctive relief and declaratory relief)

sued in his individual and official capacity .

12.    PLAINTIFFS are unaware of the identities and capacities of

DEFENDANTS DOES I-XXX at this time, and request leave to amend this

complaint when that information is acertained .

13. PLAINTIFF EDNA FABIOLA URIBE-HERRADA is currently 24 years old

and is residing in Piedras Negras, Coahuila, Mexico from 2003 until

the present . In 2003 at the time of Badillo-Rangel's trial he then

informed his Defense Attorney Victor Olavson that Edna Fabiola Uribe

was willing to provide her testimony which could be deemed as ex-

culapatory evidence that could prove Badillo-Rangel was inocent of

the charges against him . At the time that Edna Fabiola Uribe-Herrada

was at the time of the trial and sentence on a permit/visa #NVL00-

193179, D.O.B. June 6,1984 when she showed her self to testify in

Badillo-Rangel's trial and sentence . However, at the trial,defense

attorney informed Badillo-Rangel that the trial judge was not allow-

ing Edna Fabiola Uribe-Herrada to testify on Badillo-Rangel's behalf .

On this day at trial, when the court session was over, Edna Fabiola

Uribe-Herrada was arrested by Does I-XXX of the INS/DHS . The very

next day the Defendant INS/DHS deported Edna Fabiola Uribe-Herrada

back to Mexico and other witnesses that could have exhonorated

Badillo-Rangel were also deported without being allowed to testify .

The International Covenant on Civil and Political Rights, 999 U.N.T.S.

171 article 14 and the Universal Declaration of Human rights, article

9 for example would show that illegal arrest and detention may cons-

titute an international tort and that for guidance regarding the

norms of international law, court may look to court decisions, the

works of jurists and usage of nations . The Complaint raises claim

that the Plaintiffs arrest, trial, sentence and deportations are

- 10 -

**(Complaint for damages,injunctive relief and declaratory relief)**

in contravention with the purposes of the VCCR and with customary

law of international law of human rights .

## STATEMENT OF FACTS

14.   **On May 21,2003** Special Crimes Sergeant Robert Neuendorff and

Detective Chris Rowland of the Travis County Auto Theft Task Force

contacted several motels in the Cedar Park and Austin areas in an

attempt to locate Raul Badillo-Rangel . Positive identification of

Badillo-Rangel was made by the management and staff of the Hearthside

Extended Stay Studios at 12989 Research Blvd., Austin,Texas 787729

(Cedar Park Vicinity) . Identification of Badillo-Rangel was also

made by the management at the Ramada Limited located at 9121 North

IH 35, Austin,Texas 78753 . It was claimed that Badillo-Rangel had

been seen the previous day at both locations .

15.   **On May 22,2003** Sergeant Neuendorff and Detective Rowland set

up surveillance at the Hearthsided Extended Staty Studios . Sergeantt

Matlock witnessed Badillo-Rangel exit the Ramada Limited and enter a

vehicle, identified as green Dodge Stratus, Texas LP#HJC, with another

hispanic male, later identified as Roberto Urbina-Lopez .

16.   Sergeant Matlock and Sergeant Crook with the assistance of Troo-

per Jesse Deleon stopped and arrested Badillo-Rangel and Urbina-Lopez

on IH 35S at MP#238 . Badillo-Rangel was arrested for engaging organized

criminal activity-aggravated robbery under **warrant #5-03-0210** . Urbina-

Lopez was detained pending identification and was later charged and

arrested for engaging in organized criminal activity under **warrant

#2-03-1940** and aggravated robbery under **warrant #2-03-1941** .

17.   Badillo-Rangel and Urbina-Lopez were transported to the Texas

Department of Public Safety District office in Austin to be interview-

ed . The green Dodge Stratus was also driven to the Texas Department

of Public Safety District office and secured .

(Complaint for damages,injunctive relief and declaratory relief)

And    Once Badillo-Rangel and Urbina-Lopez were arrested Sergeantt Neuendorff and Detective Rowland with the assistance of Investigator George Salinas of the United States Immigration Service initiated contact with the tenants of room 145 at the Hearthside Extended Stay Studios . Badillo-Rangel was witnessed by the cleaning staff of the motel as leaving the room on a daily basis since **May 19,2003** .

18.    The tenants of room 145 were identified as Maria Magdalena Lopez and Miriam Lizeth Uribe-Herrada . Investigator Salinas arrested both Lopez and Herrada for possible immigration violations . Lopez was said to have had a prior arrest record through Williamson County,Texas for tampering with goverment record . Sergeant Neuendorff was said to have been granted consent to search from Lopez of the vehicle a Blue 1991 Mitsubishi 2 door, both Lopez and Herrada exited earlier that morning .

19.    On **May 22,2003** Sergeant Neuendorff met with Agent Stephen Marshall of the FBI at the Texas Department of Public Safety office to interview Badillo-Rangel and Lopez . Agent Marshall mirandized Badillo-Rangel and explained to Badillo-Rangel the charged that he had been levied against Badillo-Rangel .

20.    Badillo-Rangel, claimed innocence to these charges and explained people were telling lies against him . Badillo-Rangel said he knew many people that were committing the crimes Badillo-Rangel was being charged with but he was innocent . When Agent Marshall asked Badillo-Rangel for specific names Badillo-Rangel requested Badillo-Rangel's lawyer before giving information . The interview was ended without gaining any information .

21.    On **May 22,2003** Lopez was possitively identified as being part of two, alleged armed car-jackings that took place on **December 8th**

(Complaint for damages,injunctive relief and declaratory relief)

and 9th,2002 in Travis County . Lopez was mirandized in Spanish by

Trooper Miguel Campos . Agent Marshall then asked Lopez if Lopez

wished to answer any questions . Lopez was said to only stare at

Agent Marshall and slid some papers that were handed to him toward

Agent Marshall .

22.    On May 22,2003, Sergeant Neuendorff and Detective Rowland trans-

ported Badillo-Rangel and Lopez to the Travis County Jail where they

were incarcerated on the above listed charges .

23.    On May 22,2003, Sergeant Neuendorff searched room 126 of the

Ramada Limited at 9121 North, IH 35 in Aüstin, with consent of the

management . Evidence in the room was said to have lead Sergeant

Neuendorff to believe that Badillo-Rangel was living in the room with

Lopez . Sergeant Neuendorff secured a leather agenda book which cont-

ained names and phone numbers from the room along with letters, bus-

iness cards, receipts, and other papers that contained phone numbers .

The items were secured and held then as evidence .

24.    On May 22,2003 Sergeant Neuendorff also conducted an inventory

of the green Dodge Stratus that Badillo-Rangel and Lopez were in

prior to the arrest . (Abas Wrecker of Austin impounded the vehicle) .

CLASS ACTION ALLEGATIONS

Statement Decribing The Class on Behalf of Which the Action is

Sought to be Maintained .

    There are two classes on behalf of which this action is sought

to be maintained:

   A. The plaintiffs' that are currently confined under the author-

ity of the United States Attorney General and in the custody of the

Federal Bureau of Prisons and Detention Centers, Jails within the jur-

isdiction and venue rules of this Court . These class members are

- 13 -

**(Complaint for damages,injunctive relief and declaratory relief)**

mostly Mexican nationals that are having problems with prison con-
ditions, or simply need to contact someone back in their home country,
and need to contact their consulate . Mexican nationals imprisoned in
prisons and jails are unable to find guidelines and procedures for
filing grievances in the State of Texas prisons and jails . In gener-
al, these prisoners should be able to find guidelines and procedures
in the prison, jail law library but because of language barriers they
are unable to understand these rules to enable them to file a grievance
to ensure an effective use of the grievance procedure . Appeals proced-
ures within the prisons and jails in each particular jail in Austin,
Texas deprives the plaintiffs' of their right to appeal departmental
decisions, conditions, or policies that effect them negatively and
are being  prevented from obtaining assistance through  the appeal
process because they have difficulty with writen English .

   B. The plaintiffs and all others similarly situated reside in
Mexico and have previously been arrested and detained in the United
States . These class members, largely Mexican nationals in particular
were arrested and detained but were released and at no time ever
informed as we stated above of their right to contact the Mexican
consulate . Prisoners who are foreign nationals are not allowed
reasonable facilities to communicate with diplomatic and consular
representatives of the State to which they belong . Immigrant det-
ainees constitute a marginalized and vunerable group in the incar-
cerated population . See generally **Detained and Deprived of Right**,
**supra**; Human Rights Watch, Locked Away; Immigration Detainees in
Jails in the United States, at http://www,hrw.org/reports98/us-immig
(Sept. 1998); Slipping Through the Cracks, **supra** . As of 1998, the
immigration and Naturalization Sevice ("INS") was housing 60 percent

- 14 -

(Complaint for damages,injunctive relief and declaratory relief)
of detainees in local jails, dispite their non-criminal status..
**Immigration Deatainees in Jail, <u>supra</u>, at ch.1** . The conditions in
in jails and prisons, troubling as they are for incarcerated crim-
inals, are even more so for immigrant detainees, whose confinement
is not suppose to constitute punishment . Moreover, foreign nationals
have more difficulty seeking redress for violations of their righs,
in particular because they can not speak English well .

   **Statement of Facts Showing That Parties are Entitled to Maintain
the Action Under Paragraphs (a) and (b) of FRCP 23** .

   With potential classes of hundreds of people,if not thousands,
joinder is impracticable pursuant to **23(a)(1)** . Under **23(a)(2)**,
questions of law and fact are common to the class .

   As set forth in **Rule 23(a)(3 and 4)**, claims of the plaintiffs
are typical of the claims of the class, and the plaintiffs fairly
and adequately protect the interist of the class members .

   Under **Rule 23(b)(1)(A)**, class action is appropriate because mul-
iple suits would create a risk of adjudications establishing incon-
sistent or incompatible standards of conduct for the party opposing
the class .

   Under **Rule 23(b)(1)(B)**, a class suite is appropriate because indiv-
idual actions would as a practicable matter conclude the interist of
other members of the class or impair their ability to protect their
own interist .

   Under **Rule 23(b)(2)**, a class suit is appropriate because the oppos-
ing party has acted on grounds generally applicable to a group,
thereby making injunctive or declarartory relief appropropriate for
the class .

**THEORY OF CAUSATION**

(Complaint for damages,injunctive relief and declaratory relief)

The VCCR is a 79-atricle, mutilateral treaty to which both the United States of America and the United Mexican States are signatories . The VCCR was approved by the Senate on October 22, 1969, formally ratified by President Nixon on Novmber 12,1969, and entered into force for the United States on December 24,1969 . Having been ratified, it became "law of the land" under the **Supremacy Clause** of the **United States Constitution** . U.S. Const. art. VI, cl. 2 .

The rights of consular notification and consultation enumerated in the VCCR are reenforced by federal regulations designed to implement this nation's treaty obligations . **(See Title 28 C.F.R. 50.5 and 8 C.F.R. 235.1(e) requiring FBI, DOJ and INS to notify every detained alien of the right to communicate with consul)** .

Notably the United States of America State Department, which was assigned to enforce the VCCR, sends regular notices to state and local officials reminding them of their notification obligations under the Treaty . (See Kadish, 18 **Mich. J. Int'1 L.** at 599 & nn. 211-214, citing <u>Breard v. Netherland</u>, 949 F. Supp. 1255 (E.D. Va.1996)) .

All of this requires that authorities of the receiving State inform the person detained of his right to have the fact of his detention reported to the consular post . If he/she so requests, the consular post shall be notified without delay . This is binding on federal, state, and local goverment officials to the extent that they pertain to matters within competence of the said officials for the purposes of the Complaint .

The United States of America signatories of the international and executive agreement-Department of Justice was established by act of June 22,1870 (28 USC 501, 503, 509 note), with the Attorney General as its head . The affairs and activities of the DOJ are gen-

- 16 -

**(Complaint for damages,injunctive relief and declaratory relief)**

erally directed by the Attorney General . The Federal Bureau of In-
vestigations, is the principle investigative arm of the United St-
ates Department of Justice . It is primarily charged with gathering
and reporting facts, locating witnesses, and compiling evidence in
cases involving Federal jurisdiction . It also provides law enforce-
ment leadership and assistance to state and international law enfor-
cement agencies . The Immigration and Naturalization Service is res-
posible for operational programs in adjudications and nationality,
inspections, and detention and deportation, as well as the U.S. Bor-
der Patrol . The primary responsibility for enforcement of statement
that has been designed to establish a uniform procedure for consular
notification where nationals of foreign countries arrested by officers
of the DOJ on charges of criminal violations, rests directly with the
heads of each agency, Attorney General Alberto Gonzales and U.S.
Attorney Johnny Sutton, Anthony Brown, Gerald C. Carruth, John Ash-
croft, James W. Ziglar, Robert S. Mueller III-and their successors,
agencies and agents are legally liable for failure to assure coor-
dination of **Title 28 C.F.R. 50.5** and **Title 8 C.F.R. 235.1(e)** enfor-
cement and consistency among agencies .

The signatories of the DOJ, FBI, INS, DPS, Travis County Sheriff's
Office and Travis County District Attorney's Office, and multi-agency
auto theft task force from December 2002 to 2003 are legally liable
for arbitrary arrest and detention in violation of customary inter-
national law of human rights and for the after-effects which continue
to this present day . Johnny Sutton and Gerald Conley Garruth, their
successors and their agents knew or should have known that failing
to inform the plaintiffs whom they knew to be Mexican nationals, but
did not inform them that they had the right under the **VCCR** to con-

**(Complaint for damages,injunctive relief and declaratory relief)**

tact the Mexican consulate would cause a deprivation of the plain-
tiffs rights, and furthermore deprive the Consular authorities of
Mexico to not have access to their citizens . Gerald Conley Carruth
while prosecuting the plaintiffs knew that witnesses whom could pro-
vide testimony on behalf of Badillo-Rangel had been deported to Mex-
ico, while another witness who showed at the trial and sentence of
said Badillo-Rangel was arrested at the courthouse on pretext that
her passport had been canceled, therefore depriving Badillo-Rangel
from securing exculpatory testimony. The Mexican Consulate would
have adquired documents, persons concerning exculpatory evidence in
Mexico to enable him to present a defense in his criminal case .
Gerald Conley and Johnny Sutton are the proximate cause, if not the
direct cause that Badillo-Rangel's human rights were violated because
of complete or partial non-observance of relevant international stand-
ards set forth in the Universal Declaration of Human Rights and in
relevant international instruments accepted by the States concerned
relating to the right to a fair trial, and is of such gravity as to
confer upon the deprivation of liberty an arbitrary character . This
imbalance, taking into account the severe sentences received by the
persons under consideration in this case, is incompatible with the
standards contained in **Article 14 of the International Covenant on
Civil and Political Rights, that guarantee that each person accused
of a crime has the right to excercise, in full equality, all the
adequate facilities to prepare his defense** . The Complaint raise
question, if in this trial there has been an adherence to the inter-
national norms of a fair trial . It is stated that the accused did
not receive the full protection of the U.S. legal system, including
counsel, investigators, and experts provided at the expense of the

(Complaint for damages,injunctive relief and declaratory relief)
United States Goverment . The source hereby denounces arbitrary acts
committed in the cource of the criminal trial . The Personero on
behalf of the plaintiffs in action iterates that the criminally accused
did not enjoy a fair trial, pointing out primarly that they were den-
ied access to the Mexican consulate , The violation of the right to
consular notification in contrast is hereby stated is connected to the
gathering of evidence under **Article 36 of the VCCR** for the purpos of
the Complaint . The principle thrust of the Complaint against the
**multi-agency auto task force** is that defendants actions,ommissions
interferes with foreign policy of the Executive Branch, as expresed
in the executive agreements with Mexico , given the "concern for
uniformity in this country's dealings with foreign nations" that
animated the Constitution's allocation of the foreign relations power
of the national goverment in the first place . The outcome follows'
the well known pattern of disregard for our treaty obligations of
<u>inter alia</u>  <u>supra</u> Case Concerning Avena and other Mexican Nationals
(Mex. v. U.S.), 2003 I.C.J. ___ (Order of Feb.5)(Order in case, con-
cerning petitioner Osbaldo Torres); LaGrand Case (F.R.G. v. U.S.),
2001 I.C.J. 466 (Judgment of June 27) and **Memorandum for the Attorney
General** (Feb.28,2005) .

The proof of the harm which ensued is based on official statis-
tical evidence from human rights organiztions police departmets,
courts, and jails in addition, individual plaintiffs and witnesses will
testify concerning the injuries and prejudice they sustaned due to
prison and jail conditions and disregard to our treaty obligations .

<u>CAUSE OF ACTION</u>

1.   The United States of America's failure to report to the Secr-
etary General on the implementation of the **Standard Minimum Rules**,

- 19 -

(Complaint for damages,injunctive relief and declaratory relief)
see Suzanne M. Bernard, An Eye for an Eye: The Current Status of
International Law on Humane Treatment of Prisoners, 25 Rutgers L.J.
759, 774 & n.91 (1994)(citing Committee on Crime Prevention and Con-
trol, Procedures for the Effective Implementation of the Standard
Minimum Rules for the Treatment of Prisoners, May 25,1984, E.S.C. Res.
1984/47, U.N. ESCOR, 76th Sess., Supp. No. 1, at 29, U.N. Doc.
E/1984/84), and their compliance with that mandate constitutes both
relevant practice and evidence of **opinio juris** , along with the **DOJ's**
acquiescence to non-reporting a foreign nationals arrest, detention
to the appropriate consular post and to inform foreign nationals that
they have the right under the VCCR to contact the consulate, interfer-
ed with law enforcement's efforts to protect the public and to protect
the integrity of our judicial system and interfered with the conduct,
under **Article II of the Federal Constitution**, of foreign policy by the
executive branch of the Federal Goverment, as expressed principally
by some executive agreements . This violated plaintiffs right to
due process, as guaranteed by the 5th and 14th **Amendments of the**
**United States Constitution** . Plaintiffs' were denied equal protect-
ion because:

    A. defendants violated federal law and executive orders requiring
       DOJ in every case in which a foreign national is arrested the
       arresting officer shall inform the foreign national that his
       consul will be advised of his/her arrest unless he/she does not
       which to have cousul notified, and then that the U.S. Attorney
       shall then notify the appropriate consul except where he he has
       been informed that the foreign national does not desire such
       notification be made, and this failure to report impacted the
       plaintiffs; and

(Complaint for damages,injunctive relief and declaratory relief)

   B. as result of the defendants' conduct, plaintiffs did not rec-
eive the full protection of the U.S. legal system, and reiter-
ates that the plaintiffs' did not enjoy a fair trial, and that
documents and testimomy of witnesses constituting the evidence
against the accused persons and testimony which constitutes ex-
culpatory evidence were excluded, thereby, the effective excer-
cise of the right to defense was impaired .

For this violation of their civil rights, plaintiffs' are entitled
to relief pursuant to **Bivens v. Six Unknown Named Agents of the**
**Federal Bureau of Narcotics**, 403 U.S. 388 (1971) .

2.   Whether plaintiffs' invoke the **Alien Tort Claims Act** on the
basis of a tort committed in violation of a United States
treaty or in violation of the law of nations, plaintiffs' case
will **"arise under"** federal law for the purposes of **Article III**
**of the United States Constitution** .

3.   Pendent jurisdiction, in the sense of judicial power, excists
whenever there is a claim **"arising under (the) Constitution,**
**the laws of the United States, and Treaties made, or which**
**shall be made, under their Authority...U.S. Constitution Art.**
**III, sec. 2,"** and the relationship between that claim and the
state claims made in the complaint permits the conclusion that
the entire action before the Court comprises but one constitut-
ional "case" .

4.   Each of the plaintiffs' assert claims that they were subjected
to **arbitrary arrest and detention** in violation of the **ATCA** .
The international consensus surrounding arbitrary arrest and
detention has found expression in numerous international treat-
ies and accords . Badillo-Rangel, claims that in the determinat-

- 21 -

**(Complaint for damages,injunctive relief and declaratory relief)**

ion of the criminal charge against him, taking into account the
severe sentences recieved by the persons under consideration in
this case, is incompatible with the standards contained in **Article
14 of the International Covenant on Civil and Political Rights**, in
full equality, that the trial did not take place in climate of object-
ivity and impartiality which is required in order to conclude on the
observance of the standards of a fair trial) as defined in **Article
14 of the International Covenant on Civil and Political Rights**, to
which the United States is a party:

A. To have adequate time and facilities for the preparation of
   his defense and to communicate with counsel of his own choos-
   ing:

B. To examine, or have examined, the witnesses against him and
   to obtain the atendance and examination of witnesses on his
   behalf under the same conditions as witnesses against him:

C. To be allowed reasonable facilities to communicate with the
   diplomatic and consular representatives of the State to which
   they belong;

D. To be provided with writen information about the regulations
   governing the treatment of prisoners of his category, the
   diciplinary requirements of the institution, the authorized
   methods of seeking information and making complaints, and all
   such other matters as are necessary to enable him to understand
   both his rights and his obligations and to adopt himself to the
   institution .

This nations credibility would be weakened by the non-compliance with
treaty obligations or with international norms . The United States
seek's to impose international norms-including, notably, those on

**(Complaint for damages,injunctive relief and declaratory relief)**

terroism-upon other nations . It would seem strange, then, if the goverment would seek to avoid enforcement of such norms within its own borders . The United States can not reap the benefits of internationally recognized human rights-in the form of greater worldwide stability and respect for people-without being willing to adhere to them itself . As a moral leader of the world, the United States has obligations itself not to disregard rights uniformly recognized by other nations . Thus, United States courts act appropriately when they construe statutory programs in accordance with international law; they avoid a construction which, "if given its literal application, would threaten the interest of the United States by placing the Nation in violation of international standards or embarrassing the political branches in their conduct of foreign relations".

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial in this action

## RELIEF SOUGHT

Declaratory relief:. Plaintiffs seek a declaration that the multi-agency auto theft task force agreement and the consequent policy and practice of not informing foreign nationals that they have the right under the **Vienna Convention on Consular Relations**, to contact their consulate was illegal .

Injunctive relief:  Plaintiffs seek an order requiring the FBI, INS, to report to the DOJ to inform the nearest U.S. Attorney of the arrest and of the arrested persons wishes regarding consular notification; and a consent degree regarding prison conditions with proper opportunity to defend themselfs or to argue their causes and enable them to petition the courts and other goverment authorities, including diplomatic and consular authorities .

(Complaint for damages,injunctive relief and declaratory relief)

Damages:   Arbitrary Detention: Plaintiffs Raul Badillo-Rangel,

Roberto Urbina-Lopez, Maria Magdalena Lopez-Torres,

Edna Fabiola Uribe-Herrada, Miriam Lizeth Urribe-

Herrada seek compensatory damages in excess of $1,000,0

00 and punitive damages of at least $ 1,000,000 each .

Plaintiffs also request reasonable attorneys' fees, costs and any

other relief which the Court deems proper .

Dated: May 30,2008          RESPECTFULLY SUBMITTED,

RAUL BADILLO-RANGEL in forma
propria persona:

– 24 –

(Complaint for damages, injunctive relief and declaratory relief)

<u>VERIFICATION</u>

I <u>Raul Badillo-Rangel</u>, declare under penalty of perjury that I am
the plaintiff in the above-captioned civil action, that I have read
the foregoing civil complaint and know the contents thereof, that
the same is true to the deponents own knowledge, except as to those
matters stated by me therein upon information and belief, which
matters deponent believes them to be true.

RAUL BADILLO-RANGEL
FEDERAL REGULATION #39518-180
BEAUMONT, U.S. PENITENTIARY
P.O. BOX, 26030
BEAUMONT, TEXAS.  77720-6030

# Certificate of Service

I, RAUL BADILLO-RANGEL _____ hereby certify that I have served a true and correct copy of the following:

COMPLAINT FOR DAMAGES,
INJUCTIVE RELIEF AND
DECLARATORY RELIEF

DEMAND FOR JURY TRIAL

which is deemed filed at the time it was delivered to prison authorities for forwarding [Houston v. Lack 101 L.Ed.2d 245 (1988)] upon the defendant(s) and or his/her attorney(s) of record  by placing same in a sealed, postage  prepaid envelope addressed to :

CLERK, UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
UNITED STATES COURTHOUSE
200 W. 8TH STREET, ROOM 130
AUSTIN, TEXAS.  78701-9620

and by depositing same in the United States Mail at the United State Penitentiary, Beaumont, Texas on this ___ 30 ___ day of MAY, 2008. _____.

RAUL BADILLO-RANGEL #39518-180
( Name)
U.S. PENITENTIARY
P.O. BOX, 26030
(Address)

BEAUMONT, TEXAS.  77720-6030
(City, State, Zip)